## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| StormTrap LLC, )<br>)<br>    *Plaintiff & Counter-defendant,* )<br>)<br>    vs. )<br>)<br>Arrow Concrete Products, Inc. )<br>)<br>    *Defendant & Counter-plaintiff.* )<br>)<br>) | Civil Action No. 3:10-CV-218 (CFD)<br><br>Judge Christopher F. Droney |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties recognize that discovery in the above-referenced action may involve the disclosure of certain documents, things and information that constitute or contain confidential information; and

WHEREAS, the parties, through counsel, submit this Protective Order and stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c) to prevent against improper dissemination, disclosure and/or use of the parties' trade secrets and other confidential information during and after the course of this litigation.

IT IS HEREBY ORDERED as follows:

1.    This Protective Order shall apply to all information, documents and things within the scope of discovery and testimony in this action:

      (a)    that are in the custody or possession of, or are owned or controlled by:

            (i)    StormTrap LLC ("StormTrap" or "Plaintiff"), including all present and past divisions, subsidiaries, parents and affiliates of StormTrap LLC; or

(ii)     Arrow Concrete Products, Inc. ("Arrow" or "Defendant") including all present and past divisions, subsidiaries, parents and affiliates of Arrow Concrete Products, Inc.;

(b)     which were received by StormTrap or Arrow in connection with discovery or testimony given in this action, whether from a party or nonparty, including, without limitation, documents and things responsive to requests for production of documents and things under Fed. R. Civ. P. 34, responses to written interrogatories under Fed. R. Civ. P. 33, responses to requests for admission under Fed. R. Civ. P. 36, testimony adduced at depositions upon oral examination or upon written questions pursuant to Fed. R. Civ. P. 30 and 31, and testimony adduced at a hearing or trial.

2.      In this Order, the terms "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL INFORMATION" shall mean information so designated by a party in compliance with this Order.  Information so designated may be any document or thing, or a portion thereof, testimony, interrogatory answer, admission or any other form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure.  The terms CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION – ATTORNEY'S EYES ONLY shall include all information, documents and things incorporating or reflecting CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION including copies, summaries, abstracts, notes, derivatives, photographs, negatives, blow-ups, exhibits, and similar things.

3.      "CONFIDENTIAL INFORMATION" is defined as any document, information, testimony or thing that the party providing such material (the "Producing Party") believes in

2

good faith constitutes or embodies sensitive or proprietary matter used by it in or pertaining to its business, which matter is not generally known and that the designating party would not normally reveal to third parties or would cause third parties to maintain in confidence. "CONFIDENTIAL INFORMATION" may include, but shall not be limited to, technical information such as product design, manufacturing techniques or processing information, any trade secret, any confidential or proprietary research, development or commercial information, any non-public financial information, any non-public patent applications and files, and any other information that would qualify as Confidential pursuant to Rule 26 of the Federal Rules of Civil Procedure or any other applicable legal standard. CONFIDENTIAL INFORMATION, designated as such in accordance with this Order, shall be disclosed or made available only to persons permitted by Paragraph 11.

4.    "HIGHLY CONFIDENTIAL INFORMATION" is defined as any document, information, testimony or thing that the party providing such material (the "Producing Party") believes in good faith constitutes or embodies sensitive or proprietary matter used by it in or pertaining to its business, which matter is not generally known and that the designating party would not normally reveal to third parties or would cause third parties to maintain in confidence. "HIGHLY CONFIDENTIAL INFORMATION" may include, but shall not be limited to: trade secrets, formulae, research and development information, customer lists, sales, cost, and pricing information (whether actual or projected), price lists, costs of production, financial projections or profit calculations; information that a party has treated as confidential and not subject to public disclosure; information within the definition of trade secret as set forth in Section 1(4) of the Uniform Trade Secret Act (1985); and any other information that would qualify as Confidential pursuant to Rule 26 of the Federal Rules of Civil Procedure or any other applicable legal standard. HIGHLY CONFIDENTIAL INFORMATION, designated as such in accordance with

3

this Order, shall be disclosed or made available only to persons permitted by Paragraph 12. It is recognized by all the parties hereto that information will not be designated as HIGHLY CONFIDENTIAL INFORMATION where such information should be designated only as CONFIDENTIAL INFORMATION and that a determination to designate any information as HIGHLY CONFIDENTIAL INFORMATION shall be made in good faith.

5.     HIGHLY CONFIDENTIAL INFORMATION also includes any non-public license agreements or negotiations, specifically including the settlement and license agreement between StormTrap and Oldcastle Precast.

6.     "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL INFORMATION" include information in oral, electronic or written form or embodied in physical samples of materials, the disclosure of which is likely to have the effect of harming the competitive position of the party from which the information was obtained or the disclosure of which would violate an obligation of confidentiality to a third person, including another court.

7.     No item shall be deemed CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION if it

(a)     was known to the Receiving Party without obligation of confidentiality to the Producing Party prior to disclosure by the Producing Party, as evidenced by the Receiving Party's written records;

(b)     is subsequently disclosed to the Receiving Party by a third party having no obligation of confidentiality to the Producing Party with respect to such information;

(c)     is independently developed by employee(s) of the Receiving Party who had no access to such information before such development; or

(d)     is published or becomes generally known to the public through means not constituting a breach of this Order.

Further, CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION shall not be construed to cover items lawfully obtained by a party independently of this litigation. Before the designation of any item as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, the designating party shall make reasonable efforts to assure itself that these exclusions do not apply.

8.      Notwithstanding any other provisions of this Order, the party producing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may choose to withdraw its designation by doing so in writing.

9.      The restrictions upon, and obligations accruing to, persons who become subject to this Order shall not apply to any information as to which the Court rules, after proper notice and hearing, that such information is not CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

10.     Any oral, electronic or written information produced at any time in this litigation, either voluntarily, pursuant to a discovery request or pursuant to court order, which is asserted by the Producing Party to contain or constitute CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, shall be protected as follows.

(a)     Documents and things containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be clearly and prominently marked on their face and the page or pages on which any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION occurs by the placement of an appropriate stamp, sticker or other indicia with the legend: "CONFIDENTIAL INFORMATION," or "HIGHLY

CONFIDENTIAL INFORMATION – ATTORNEY'S EYES ONLY," or words to that effect. Anything which cannot be so marked on its face shall be marked by placing this legend on a container or package in which the thing is produced or a tag attached thereto.

(b)    If such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is contained in a deposition transcript, trial transcript or other transcript of testimony, the transcript may be so designated as containing such information in accordance with this Order by notifying the other party on the record at the time of the testimony or in writing, within ten (10) business days of receipt of the original transcript of the deposition, of the specific pages and lines of the transcript which contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. All deposition transcripts, regardless of whether any or either designation of confidentiality was made on the record, shall be treated as containing HIGHLY CONFIDENTIAL INFORMATION and subject to this Protective Order until a time ten (10) business days after receipt of the original transcript of the deposition. The parties may also designate the entire deposition testimony of a witness as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. If no such designation is made either on the record at the time the deposition is taken or within the time period specified above, the transcript and exhibits shall not be deemed to contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

Notwithstanding the foregoing, any employee, agent, advisor, representative, or person affiliated with a party who is not authorized to receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under Paragraph 11 or 12 may attend a deposition at which CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION

may be disclosed. In such event, a party desiring to designate specific testimony or information as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION must do so by indicating on the record at the deposition that such testimony or information is subject to the provisions of this Protective Order. The designating party shall have the right to exclude such persons from the deposition only during the period any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed or discussed.

(c)     In lieu of marking the original of a document which contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION prior to inspection, counsel for the Producing Party may orally or in writing designate documents being produced for inspection as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, thereby making them subject to this Order; however, any copies of such documents must be marked by the Producing Party in accordance with Subparagraph (a) at the time copies are provided.

(d)     In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, information contained therein may be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by prominently marking such paper with the legend of "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTRONEY'S EYES ONLY."

11.     In the absence of written permission from the Producing Party or further order of the Court:

(a)     The CONFIDENTIAL INFORMATION of StormTrap may be used only for the purposes of this lawsuit and disclosed only to the following persons:

7

(i)     outside counsel engaged by Arrow to represent it in connection with this litigation, including lawyers, paralegals, secretarial and clerical personnel, photocopiers, graphic services and trial consultants, who are engaged in assisting such counsel in this case,

(ii)    three principals of Arrow, namely Kurt Burkhart and two individuals to be determined at a future time, and necessary support personnel employed thereby,

(iii)   third-party technical and business advisors, who are not a current employee, officer or director of any party, including consulting and retained experts, subject to the provisions of Paragraph 13 herein, and any employees and assistants under the control of such experts,

(iv)   the Court and its officers and any court reporters/videographers retained to record and/or transcribe testimony in this action under seal,

(v)    personnel of photocopy firms or graphics firms engaged by a party, and

(vi)   any interpreter or typist or transcriber used by the interpreter.

(b)    The CONFIDENTIAL INFORMATION of Arrow, may be used only for the purposes of this lawsuit and disclosed only to the following persons:

(i)     outside counsel engaged by StormTrap to represent it in connection with this litigation, including lawyers, paralegals,

secretarial and clerical personnel, photocopiers, graphic services and trial consultants, who are engaged in assisting such counsel in this case,

(ii)     three principals of StormTrap, namely Philip Burkhart, Justin May, and another individual to be determined at a future time, and necessary support personnel employed thereby,

(iii)    third-party technical and business advisors, who are not a current employee, officer or director of any party, including consulting and retained experts, subject to the provisions of Paragraph 13 herein, and any employees and assistants under the control of such experts,

(iv)    the Court and its officers and any court reporters/videographers retained to record and/or transcribe testimony in this action under seal,

(v)     personnel of photocopy firms or graphics firms engaged by a party, and

(vi)    any interpreter or typist or transcriber used by the interpreter.

12.     In the absence of written permission from the Producing Party or further order of the Court:

(a)     The HIGHLY CONFIDENTIAL INFORMATION of StormTrap may be used only for the purposes of this lawsuit and disclosed only to the following persons:

(i)     outside counsel engaged by Arrow to represent it in connection with this litigation, including lawyers, paralegals, secretarial and clerical personnel, photocopiers, graphic services and trial consultants, who are engaged in assisting such counsel in this case,

(ii)     third-party technical and business advisors, who are not a current employee, officer or director of any party, including consulting and retained experts, subject to the provisions of Paragraph 13 herein, and

(iii)     the Court and its officers under seal.

(b)     The HIGHLY CONFIDENTIAL INFORMATION of Arrow may be used only for the purposes of this lawsuit and disclosed only to the following persons:

(i)     outside counsel engaged by StormTrap to represent it in connection with this litigation, including lawyers, paralegals, secretarial and clerical personnel, photocopiers, graphic services and trial consultants, who are engaged in assisting such counsel in this case,

(ii)     third-party technical and business advisors, who are not a current employee, officer or director of any party, including consulting and retained experts, subject to the provisions of Paragraph 13 herein, and

(iii)     the Court and its officers under seal.

13.    HIGHLY    CONFIDENTIAL    INFORMATION    and    CONFIDENTIAL INFORMATION and any analysis or report containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be disclosed to independent experts and independent consultants (including jury consultants) and their staffs (including members of mock juries) who are employed to furnish expert or technical services or to give expert testimony with regard to this action and not otherwise affiliated in any way with a party.  As a condition precedent to disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to any such person, he or she must: a) acknowledge receipt and understanding of this Protective Order; agree to be bound thereby; b) agree to use the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION solely for this litigation, and not to disclose any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to any other person, firm, or concern in violation of this Protective Order; and c) agree never to use any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so.

Each person specified in the above paragraph shall execute a declaration acknowledging the foregoing, in the form annexed hereto, before receiving any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  For each independent expert who executes a declaration, counsel who retained the independent expert shall forward by facsimile or overnight carrier a copy of:  (a) the executed declaration, (b) a current and up-to-date curriculum vitae of the expert, and (c) an identification of prior employment, affiliations, engagements, or other business relationships to counsel for the other parties at least ten (10)

calendar days prior to the proposed disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

Within ten (10) calendar days after receipt of such notice , the Producing Party may object to the proposed disclosure to the expert, and during this time the disclosure may not be made.  If an objection is made, the parties shall meet and confer within ten (10) calendar days and make a good-faith effort to reach an agreement regarding the proposed disclosure to the expert.  If an agreement cannot be reached, then the Receiving Party shall have the burden of moving the Court for an order allowing the disclosure.  The Producing Party shall have ten (10) calendar days to respond to such motion; if the Producing Party fails to respond its objection is deemed waived.  Disclosure shall not be made until the Court has ruled on the motion and response.

14.     In the event that counsel for the Receiving Party deems it necessary to disclose any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to any person not permitted by Paragraphs 11 and 12, said counsel shall notify counsel for the Producing Party in writing of (a) the specific information, documents and/or testimony to be disclosed and (b) the person(s) to whom such disclosure is to be made.  Counsel for the Producing Party shall make a good-faith effort to reach an agreement regarding the proposed disclosure.  If an agreement cannot be reached, the Receiving Party desiring to disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall make an appropriate motion and shall bear the burden of showing that the proposed disclosure is necessary.  In the event of such motion, this Court shall rule as to whether the proposed disclosure may be made and whether any restrictions or limitations should be placed on such disclosure.

15.     If either party wants to designate anything filed with the Court as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and place it under seal, that party must make a separate motion in according with District of Connecticut Local Rule 5(e), specifying precisely what the parties wish to be kept under seal and making a particularized showing of good cause as to why the Court should depart from the strong presumption against sealing any Court records to public inspection.  Any document or object that is the subject of a motion to seal may be filed with the Clerk's Office and placed under seal by submitting it with a cover sheet marked as follows:

**CONFIDENTIAL INFORMATION**
The contents of this envelope are subject to a Protective Order
United States District Court
District of Connecticut
*StormTrap LLC v. Arrow Concrete Products, Inc.*
Civil Action No. 3:10-CV-218 (CFD)
Submitting Attorney: _____
Date Sealed: _____

OR

**HIGHLY CONFIDENTIAL INFORMATION**
The contents of this envelope are subject to a Protective Order
United States District Court
District of Connecticut
*StormTrap LLC v. Arrow Concrete Products, Inc.*
Civil Action No. 3:10-CV-218 (CFD)
Submitting Attorney: _____
Date Sealed: _____

Any document or object submitted with such a cover sheet will be maintained under seal by the Clerk's Office.  **To the extent that this paragraph is inconsistent with the Standing Order of the Court, the Court's Standing Order shall govern.**

16.     Nothing in this Protective Order shall prevent a party from using CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION at depositions, at trial, or during a hearing.  However, the party using CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION must request (i) that the portion of the proceeding where use is made be *in camera* or protected from public disclosure to the maximum extent practicable and (ii) that the transcript of that portion of the proceeding be maintained under seal in accordance with Paragraph 15 hereof, with access thereto limited to persons entitled to access under this Protective Order.

  17. A witness at a deposition or trial may be shown any document that contains or reveals CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION provided the document was authored by, received by, or known to the witness, or provided that the Producing Party consents to such disclosure.  In addition, a witness may be shown any document that contains or reveals CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION if the witness is an officer or director of the Producing Party.

  18. A document that contains or reveals CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be shown to any person indicated in such document to be its originator or author or the recipient of a copy.

  19. CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION obtained from a Producing Party pursuant to pretrial discovery in this action may be used and disclosed only for purposes of this action.  No party or person shall make any other use of any such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, including but not limited to use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by order of the Court.

  20. Nothing in this Protective Order shall be construed (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no

unauthorized act of such party, or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the Producing Party. Should a dispute arise as to any specific information or material, the party claiming that such information or material is or was publicly known or was lawfully obtained other than through discovery of the Producing Party shall have the burden of proving its claim.

21. Nothing in this Protective Order shall be construed as an agreement or admission: (a) that any information, document, or the like designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is in fact confidential or a trade secret; or (b) of the competency, relevance, materiality, or admissibility of any such information, document, or the like in any trial or other hearing in this action.

22. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees at any point with the designation by the Producing Party of any information as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, the parties shall make a good-faith effort to resolve the dispute on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the Producing Party shall have the burden of proving that its designation was appropriate.

23. The inadvertent or unintentional failure by a Producing Party to designate specific documents or materials as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon notice to the Receiving Party

of such failure to designate, the Receiving Party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

24.     The inadvertent disclosure of information, documents, or items subject to claims of protection under the attorney-client privilege, work product protection, or other doctrines or privileges of nondisclosure ("assertedly privileged material") shall not be deemed a waiver of privilege or protection.   Notification of, and demand for return of, inadvertently disclosed assertedly privileged material will be in accordance with Federal Rule of Civil Procedure 26(b)(5), other applicable Federal Rules, and related case law.   On such timely demand, the Receiving Party shall retrieve and return all copies of such information, documents and/or things to the Producing Party within five (5) business days of receipt of such notice and shall not further disclose or use the information contained in such items for any purpose until order of the Court. Return of the information, documents and/or things to the Producing Party shall not constitute an admission or concession, or permit any inference, that the returned information, documents and/or things are, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an order that such document has been improperly designated or should be produced for other reasons than a waiver caused by inadvertent production.

25.     Nothing in this Protective Order shall prevent disclosure beyond the terms of this Order if the Producing Party consents in writing to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

26.     Within sixty (60) days after the conclusion of this action, all documents, objects, and other materials produced or designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, including extracts and summaries thereof, and all

reproductions thereof; shall be returned to the Producing Party or shall be destroyed, at the option of counsel in possession of such copies.  If the materials are destroyed, counsel responsible for the destruction shall within seven (7) days of such destruction certify to counsel for the Producing Party that destruction has taken place.  Insofar as the provisions of this and any other Order entered in this action restrict the communication and use of information, such Order(s) shall continue to be binding after the conclusion of this litigation except (i) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (ii) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any such Order(s).

This Court shall retain jurisdiction over the parties and this Protective Order for the purposes of compliance with and enforcement of its terms and the final termination of this action shall not terminate this Protective Order or its terms.

27.     This Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the agreement of the parties, nor the designation of any information, document, or the like as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

28.     The terms of this Protective Order shall be applicable to any third party who produces information which is designated by such third party as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. Nothing in this paragraph permits a party to designate as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION any information produced by a third party which that third

party did not itself designate as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

29.      Nothing in this Protective Order shall prejudice the right of any party, or any third party, to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material.

[*StormTrap LLC v. Arrow Concrete Prods., Inc*, 3:10-CV-218
Stipulated Protective Order]

Respectfully submitted,

Date: May 3, 2010                    /s Edward D. Manzo
                                     Edward D. Manzo
                                     Husch Blackwell Sanders LLP
                                     120 South Riverside Place, Suite 200
                                     Chicago, IL 60606
                                     Telephone: (312) 655-1500
                                     Facsimile: (312) 655-1501
                                     Email: emanzo@huschblackwell.com

                                     Edward R. Scofield (ct304004)
                                     Shelley R. Sadin (ct302614)
                                     Zeldes Needle & Cooper, PC
                                     1000 Lafayette Boulevard, Suite 500
                                     Bridgeport, CT 06604
                                     Telephone: (203) 333-9441
                                     Facsimile: (203) 333-1489
                                     Email: escofield@znclaw.com

                                     ATTORNEYS FOR PLAINTIFF
                                     STORMTRAP LLC

Date: May 3, 2010                    Gene S. Winter, ct05137
                                     Erin R. Woelker, ct27552
                                     ST. ONGE STEWARD JOHNSTON & REENS LLC
                                     986 Bedford Street
                                     Stamford, Connecticut 06905-5619
                                     Telephone: (203) 324-6155
                                     Facsimile: (203) 327-1096
                                     Email: gwinter@ssjr.com and litigation@ssjr.com

                                     ATTORNEYS FOR DEFENDANT
                                     ARROW CONCRETE PRODUCTS, INC.

[*StormTrap LLC v. Arrow Concrete Prods., Inc*, 3:10-CV-218
Stipulated Protective Order]

SO ORDERED:

_____                    _____

Date                                                        United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

StormTrap LLC,                          :
                                        :      Civil Action No. 3:10-CV-218 (CFD)
    Plaintiff,      :
                                        :
    vs.             :
                                        :
Arrow Concrete Products, Inc.           :
                                        :
    Defendant.      :
                                        :
_____         :

## CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that I have read the Protective Order entered on

_____, in the above-captioned action, and understanding the terms thereof,

and agrees, upon threat of penalty of contempt and civil action for damages and/or injunction, to

be bound by such terms.   In particular, the undersigned understands that the terms of said

Protective Order obligate the undersigned to use CONFIDENTIAL INFORMATION or

HIGHLY CONFIDENTIAL INFORMATION-ATTORNEY'S EYES ONLY solely for the

purposes of this Litigation and not to disclose any such CONFIDENTIAL INFORMATION or

HIGHLY CONFIDENTIAL INFORMATION-ATTORNEY'S EYES ONLY to any other

person, firm, or entity.   Further, for the purpose of enforcing this Confidentiality Agreement the

undersigned hereby agrees to be subjected to the jurisdiction of this Court.

The undersigned further agrees to return to counsel by whom I am retained or certify

destruction of all materials containing CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION-ATTORNEY'S EYES ONLY or any portions of copies,

summaries, abstracts, or indices thereof which come into my possession and any documents or

things which I have prepared relating thereto and containing such CONFIDENTIAL

[*StormTrap LLC v. Arrow Concrete Prods., Inc*, 3:10-CV-218
Confidentiality Agreement]

INFORMATION   or   HIGHLY   CONFIDENTIAL   INFORMATION-ATTORNEY'S   EYES

ONLY within thirty (30) days of when my services in this matter have been concluded.


_____                    _____
Date                                       Signature
                                           _____
                                           Printed Name

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing **STIPULATED PROTECTIVE ORDER**, is to be electronically filed.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


_May 3, 2010_
Date

_Joan M. Burnett_